# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GARY WILLIAMS, *et al.*,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

    Defendant.

Case No. 2:09-CV-00675-KJD-VCF

**ORDER**

Before the Court is the Emergency Motion to Alter, Amend, Set Aside, Reconsider, and/or Provide Relief (#83) filed by Plaintiffs Gary and Nidenia Williams. Defendant filed a response (#90) to the Motion. Plaintiffs filed an untimely reply (#91). Defendant moved to strike the reply (#93), Plaintiffs filed a response to the Motion to Strike (#94) and Defendant filed a reply (#95).

I. Background

The background in this case is set forth in the Court's previous Order (#81). In that Order, the Court granted summary judgment in favor of Defendant on Plaintiffs' claims for bad faith, violations of NRS 686A.310 (the "Unfair Claims Practices Act" or "UCPA"), punitive damages, lost wages, and emotional damages.

Plaintiffs' motion asserts that the order should be set aside because: 1) discovery was not yet complete, 2) there is newly discovered evidence in the form of a "claims manual," and 3) the court erred in its application of the law.

II.  Motion to Strike

Plaintiffs' reply in support of the Emergency Motion to Alter, Amend, Set Aside, Reconsider, and/or Provide Relief was due on June 25, 2012.  Plaintiffs filed their reply on August 1, 2012.  Plaintiffs did not seek leave of the Court to file the late reply, nor did they offer any explanation for why the reply was five weeks late.  Defendant filed a Motion to Strike Plaintiffs' Reply, arguing that the Reply was filed untimely and should be stricken pursuant to Local Rule 7-2.  Defendant also provided a response to issues raised in the reply.

Plaintiffs' counsel, Jerome Bowen, has now submitted an affidavit detailing his excuses for missing the deadline to reply to the "emergency" motion he filed.  The Court has previously warned Mr. Bowen about disregard of Court rules and shoddy litigation practices.  However, given Mr. Bowen's explanation and the lack of serious prejudice to Defendant, the Court will not strike the Reply and the Motion to Strike is denied.  The Court warns Mr. Bowen that a pattern or practice of unprofessional conduct can constitute prejudice.  Accordingly, the Court will not excuse further failure to timely file documents, comply with Court rules, and adhere to the standards of professional practice.

II. Discussion

A. Legal Standard

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  School Dist. No. 1J Multnomah County v. AC & S, Inc., 5 F.3d 1255, 1262 (9th Cir.1993), cert. denied 512 U.S. 1236 (1994).  Because Plaintiffs filed their Motion within 28 days of the Court's Order, the Motion is

considered under Rule 59(e). However, the standards governing reconsideration are the same under either rule.

The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999)). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). "Motions for reconsideration are not the proper vehicles for rehashing old arguments, and are not intended to give an unhappy litigant one additional chance to sway the judge." Retired Independent Guards Ass'n of Nevada v. Board of Trustees, Independent Guards Ass'n of Nevada-Wackenhut Services, Inc. Pension Trust Fund, 2012 WL 1900938, *1 D.Nev. 2012) (internal quotations and citations omitted).

B. Incomplete Discovery

Fed. R. Civ. P. 56(4)(d)[1] reads in relevant part:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

---

[1] Prior to 2010, this provision was contained in Rule 56(f).

3

1    Defendant's Motion for Summary Judgment was originally filed on April 16, 2010, which
2 was the cut-off for dispositive motions under the discovery plan in effect at that time.  Plaintiffs filed
3 an opposition on May 24, 2010.  In that opposition, Plaintiffs cited Fed. R. Civ. P. 56(f), arguing that
4 discovery was not yet complete and asserting that "additional depositions of percipient witnesses are
5 scheduled to occur ... for example, the deposition of the medical services supervisor for American
6 Family... as well as the claims manager over these particular files.  Thus, further evidence will be
7 gathered which is likely to be relevant to an opposition to the underlying Motion."  Plaintiffs did not
8 support this statement with affidavits or declarations, nor provide specified reasons for their position.
9    On June 10, 2010, the parties stipulated to remove the Motion for Summary Judgment from
10 consideration so they could conduct further discovery in accordance with a modified discovery plan.
11 The parties engaged in further discovery for more than a year.  On August 24, 2011, the parties
12 submitted a joint status report (#65) to Judge Leavitt.  In that report, Plaintiffs' counsel
13 unambiguously represented that Plaintiffs did not have any outstanding discovery.  Based in part on
14 this representation by Plaintiff, on September 6, 2011, Judge Leavitt reopened the Motion for
15 Summary Judgment and ordered supplemental briefing (#67).
16    On November 8, 2011, Plaintiffs filed further briefing in opposition to the renewed Motion
17 for Summary Judgment.  Notwithstanding the earlier representation that they had no outstanding
18 discovery, Plaintiffs noted that they intended to take the deposition of Claims Supervisor Tyrone
19 Johnson.  Plaintiffs did not make a request under Rule 56(d) or present any affidavit or declaration
20 indicating a belief that Johnson's deposition was essential to their opposition.  Plaintiffs simply
21 asserted that they "reserved their right to supplement" their briefing if anything Johnson said turned
22 out to be useful.  Prior to the Court's ruling, Johnson's deposition was taken.  Plaintiffs argues that
23 the deposition was incomplete because it ended at 3:00 PM.  After the deposition, Plaintiffs did not
24 file any supplement to their briefing or request that the Court stay its ruling pending continuation of
25 the deposition.
26

Plaintiffs have failed to meet their burden to demonstrate that the Order should be set aside because discovery was incomplete.  Plaintiffs never properly invoked Rule 56(d) when the Motion was first filed in 2010.  Nevertheless, Plaintiffs got the relief they wanted when the Motion was removed from consideration.  Discovery was reopened for an entire year, from June 10, 2010 to August 24, 2011.  At the close of that period, Plaintiffs unambiguously represented to Judge Leavitt that they had no outstanding discovery.  In their supplemental briefing Plaintiffs did not ask for additional discovery pursuant to Rule 56(d).  Plaintiffs conducted several hours of deposition testimony with Johnson, yet they do not set forth any convincing argument that Johnson's testimony would affect the outcome of the Motion for Summary Judgment.  Plaintiffs' request for reconsideration on this basis is a transparent attempt to re-litigate the issues decided on summary judgment.  Accordingly, the Court will not reconsider its order based on incomplete discovery.

### C. Newly Discovered Evidence

Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 59; (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case." Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir.1987).  However, evidence "in the possession of the party before the judgment was rendered is not newly discovered...." Id. at 212.  In Feature Realty, Inc. v. City of Spokane, the Ninth Circuit upheld denial of a motion for reconsideration where new lawyers took over a case and obtained allegedly "newly discovered" evidence eight days before entry of judgment.  331 F.3d 1082, 1093 (9th Cir. 2003).

Plaintiffs' counsel has not submitted an affidavit or other evidence to demonstrate when he received possession of the claims manual documents.  However, there is no dispute that the documents were produced on March 23, 2012.  Since the Court's judgment was issued on May 2, 2012, Plaintiffs were in possession of the claims manual for a minimum of five weeks.  Accordingly,

the claims manual is not newly discovered evidence.  Further, Plaintiffs provide nothing more than vague speculation that production of the documents earlier would have been changed the disposition of the case.  The Court denies the request for reconsideration based on newly discovered evidence.

D.  Clear Error

Plaintiffs argue that the Court committed clear error in granting summary judgment on the bad faith, NRS 686A, lost wages, and emotional damages claims. Plaintiffs are seeking to re-litigate these issues using arguments that were or could have been raised in opposition to the Motion for Summary Judgment. This is not a valid basis for reconsideration.  For example, Plaintiffs argue that the Court erred in relying on the testimony of insurance expert Steven Plitt.  Plitt reviewed records of Plaintiffs' injuries and claim, and opined that Defendant had a acted reasonably when it denied the claim.  Plaintiffs assert various reasons that the Court should not have relied on Plitt's testimony, including arguing that it was inadmissible medical testimony, that Plitt is not familiar with Nevada law, and that Plitt obtained improper assistance in preparing his reports.  Plaintiffs provide no explanation for why they did not raise these arguments in opposition to the Motion for Summary Judgment.  In fact, as the Court noted in its Order, Plaintiffs failed to challenge Plitt's opinion in any substantive way.[2]  Plaintiffs had a burden to show some dispute of fact and they utterly failed to do so.  Plaintiffs cannot now challenge Plitt's testimony in a motion for reconsideration when they failed to substantively oppose it at summary judgment.  Plaintiffs' remaining arguments that the Court erred in granting summary judgment are similarly without merit because they were or could have been raised previously.

E.  Change in Controlling Law

Plaintiffs argue that the case of Yan Fang Du v. Allstate Ins. Co., 681 F.3d 1118 (9th Cir. 2012) represents a change in controlling law.  Specifically, Plaintiffs argue that Du now requires

---

[2] Plaintiffs vehemently argue that they were not required to obtain an expert to oppose Plitt. The Court's Order did not say that Plaintiffs were required to obtain an expert, but noted that expert opinion would have been one way to meet their burden to show a dispute of fact.

6

insurers to offer settlement, even in the absence of a demand. The Du case dealt with an insurer's duty under California law to settle third-party claims where liability was clear. The court did not discuss the obligation of an insurer to offer settlement of a disputed claim with its own insured in the absence of a demand. Further, the Du opinion cited by Plaintiffs has been superseded via a rehearing *en banc*. See Yan Fang Du v. Allstate Ins. Co., 697 F.3d 753 (9th Cir. 2012). The *en banc* court expressly declined to rule on the duty of the insurers to settle third-party claims in the absence of a demand and affirmed the district court on other grounds. Accordingly, Du is not a change in controlling law that provides a basis for reconsideration of the Court's order.

III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiffs' Motion Emergency Motion to Alter, Amend, Set Aside, Reconsider, and/or Provide Relief (#83) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (#93) is **DENIED**.

DATED this 10th day of December 2012.

_____
Kent J. Dawson
United States District Judge